```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

KEITH BRAYBOY,                    :
     Plaintiff,                   :
                                  :            PRISONER
V.                                :   CASE NO. 3:11-cv-1681(RNC)
                                  :
A. NOVIA, et al.,                 :
     Defendants.                  :
```

INITIAL REVIEW ORDER

Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against Stamford Police Officers A. Novia, Comerford and Gasperino and Police Sergeant C. Gioielli alleging he was subjected to excessive force in violation of his rights.

Under 28 U.S.C. § 1915A, a court must review a prisoner's complaint against state officials and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

In reviewing a pro se complaint, a court must accept the allegations as true and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). A complaint is sufficient if it gives fair notice of the basis of the claims and demonstrates a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).

The complaint alleges that on April 9, 2009, as the plaintiff was leaving a store, defendants Novia, Gioielli and Comerford ordered him to spit out what he had in his mouth. When he said he had nothing in his mouth, they held his nose, choked him and applied pressure to his back so he could not move.

The plaintiff states that he seeks damages from the defendants in their official capacities. The applicable law does not permit such a claim. In view of plaintiff's pro se status, however, the Court construes the complaint as alleging a claim for money damages against the defendants in their individual capacities. Construed in this manner, the complaint survives initial review under § 1915A against each defendant except defendant Gasperino, who is not referred to in the body of the complaint. Because the complaint contains no allegations against him, it fails to state a claim against him upon which relief can be granted. See Turkmen v. Ashcroft, 589 F.3d 542, 546 (2d Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is hereby ordered:

(1) All claims against the defendants in their official capacities and any claims against defendant Gasperino are dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i).

(2) The Pro Se Prisoner Litigation Office will mail waiver of

service of process request packets to defendants Novia, Gioielli and Comerford at the address provided in the complaint within fourteen (14) days of this Order.  The Pro Se Prisoner Litigation Office will report to the Court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office will make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant will be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (3)   The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this Order.

    So ordered this 13th day of January 2012.

                                            /s/
                               Robert N. Chatigny
                       United States District Judge